# EXHIBIT C

Case 3:17-cv-02432-M Document 1-3 Filed 09/13/17 Page 2 of 9 PageID 19

FILED
DALLAS COUNTY
8/17/2017 3:40 PM
FELICIA PITRE
DISTRICT CLERK

2-CIT CERT MAIL

Marissa Pittman

DC-17-10215

CAUSE NO._____

| | | |
|---|---|---|
| LISA LAMPKIN | § | IN THE DISTRICT COURT OF |
| Plaintiff | § § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| SAFECO INSURANCE COMPANY OF INDIANA AND ENOCH ABLORH | § § § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Lisa Lampkin ("Ms. Lampkin"), Plaintiff herein, files this Original Petition against Defendants Safeco Insurance Company of Indiana ("Safeco") and Enoch Ablorh ("Ablorh") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Lisa Lampkin is a Texas resident who resides in Dallas County, Texas.

2. Safeco is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

3. Enoch Ablorh is a Texas resident who participated in adjusting Ms. Lampkin's insurance claim, and he may be served via certified mail at 1600 N. Collins Blvd., Richardson, TX 75080.

### II.
### DISCOVERY

4. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7. Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. In particular, the loss at issue occurred in Dallas County.

## V.
## FACTUAL BACKGROUND

8. Ms. Lampkin is a named insured under a property insurance policy, Policy No. OY7150251, issued by Safeco.

9. On or about March 16-17, 2016, or March 23, 2016, or at some other time within the policy period, a storm struck the Duncanville, Texas area, causing extensive damage to Ms. Lampkin's house and other property. Ms. Lampkin subsequently filed a claim on her insurance policy.

10. Defendants improperly denied and/or underpaid the claim.

11. Ablorh was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. More, specifically, Ablorh's inspection of the property resulted in a damage estimate in the amount of $2,479.52, Plaintiff received zero after deducting the deductible of $3,630.00. While Ablorh's inspection revealed there was interior damage to various rooms, as well as exterior damage to window screens, vinyl glazing, and HVAC condenser fins as a result of hail strikes, there is no mention of roof damage when, in fact, there was.

13. Ablorh's estimate fell woefully short of addressing all damages he observed or should have observed on the property. Ablorh knowingly misrepresented the amount of damage to Plaintiff's roof and intentionally and knowingly miscalculated and misrepresented the cost of repairs.

14. Ablorh's unreasonable investigation led to the underpayment of Plaintiff's claim.

15. Moreover, Safeco and Ablorh performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

16. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract (Safeco Only)**

17. Safeco had a contract of insurance with Plaintiff. Safeco breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.    Prompt Payment of Claims Statute (Safeco Only)**

18. The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

19. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA (Safeco and Ablorh)**

20. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

21. Defendants violated § 541.051 of the Texas Insurance Code by:

    (1)    making statements misrepresenting the terms and/or benefits of the policy.

22. Defendants violated § 541.060 by:

    (1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

23. Defendants violated § 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

24. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

25. Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

5

(3) Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

26. Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

27. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

30. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DISCOVERY REQUESTS

31. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Lisa Lampkin prays that, upon final hearing of the case, she recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Ms. Lampkin be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Lampkin may show herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *James Willis*
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
James Willis
TBA No. 24088654
jwillis@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
LISA LAMPKIN**